

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. WR-96,370-01

---

### EX PARTE LAMONTE DONNELL WARREN, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1027761-A IN THE 182ND DISTRICT COURT HARRIS COUNTY

---

FINLEY, J., filed a dissenting opinion in which SCHENCK, P.J., YEARY and PARKER, JJ., joined.

### DISSENTING OPINION

The Court grants Applicant post-conviction habeas relief on his involuntary plea ground, citing *Ex parte Mable*, 443. S.W.3d 129 (Tex. Crim. App. 2014), and *Brady v. United States*, 397 U.S. 742 (1970). For the reasons I have previously explained, Applicant's plea was not involuntary. *Ex parte Salas*, — S.W.3d —, No. WR-96,045-01, 2025 WL

1317849, at *1 (Tex. Crim. App. May 7, 2025) (Finley, J., dissenting). Moreover, for the reasons that Judge Yeary expressed in *Ex parte Love* and other cases, Applicant is not entitled to relief. No. WR-95,475-01, 2024 WL 1434608, at *1–2 (Tex. Crim. App. Apr. 3, 2024) (Yeary, J., dissenting) (not designated for publication). The variance between the initial field-tested weight—4.6 grams—and the Houston Police Laboratory's tested weight—3.9 grams—may very well be attributable to the fact that the substance was tested *three times* before the final lab report: once during the field test and twice during the lab testing. Applicant fails to show that the weight of the drugs could not have been at least 4 grams at the time of the offense. I respectfully dissent.

**Filed: June 11, 2025**
**Publish**